JEFFERY M. HUBINS (SBN 220657)
*jhubins@schauman-hubins.com*
WILLIAM F. SCHAUMAN (SBN 210661)
*wschauman@schauman-hubins.com*
SCHAUMAN & HUBINS
A Professional Law Corporation
2890 North Main Street, Suite 307
Walnut Creek, CA 94597
Tel: (925) 448-2122
Fax: (925) 448-2132

Attorneys for Plaintiffs
and the putative class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANNA ROTOLO and GARFIELD SAMUELS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP, INC., a California corporation,<br><br>        Defendant. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES** |

Plaintiffs, Tatianna Rotolo and Garfield Samuels (collectively referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby bring this Collective and Class Action Complaint against Defendant, The Permanente Medical Group, Inc. ("Defendant" or "Kaiser"), and state as follows:

## INTRODUCTION

1.      This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"); California Labor Code ("Labor Code"); the California Industrial Welfare Commission Wage Order No. 4; and the California Business & Professional Code section 17200, *et seq*., as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3).

2.      Defendant offers call center services to its patients and employs call center representatives ("Representatives") to receive and respond to patient phone calls, among other

duties. Plaintiffs are informed and believe that the Representatives employed in Defendants Vallejo, Sacramento and San Jose call centers provide appointment and healthcare advice telephone services to Defendant's members.

3.      Plaintiffs are informed and believe that the Representatives employed in Defendant's Livermore call center provides pharmacy and prescription telephone services to Defendant's members.

4.      Defendant employs Representatives in many call center facilities, including facilities in Livermore, Vallejo, San Jose, and Sacramento, California. Plaintiffs are informed and believe that Defendant has other similar call center facilities where it employs Representatives to work in similar fashion as Livermore, Vallejo, San Jose, and Sacramento.

5.      Defendant commits the same violations in the other unnamed facilities as it does in the facilities named herein. While the services provided may pertain to different departments, the Representatives' duties are substantially similar.

6.      Defendant requires its hourly Representatives to work a part-time or full-time schedule, plus overtime. However, Defendant does not compensate its Representatives for all work performed; instead, Defendant only pays Representatives for the time they are on the clock. This policy results in Representatives not being paid for all time worked, including overtime.

7.      Defendant's Representatives use multiple computer programs, software programs, and applications in the course of performing their responsibilities. These programs and applications are an integral, indispensable, and important part of the Representatives' work as they cannot perform their jobs effectively without them.

8.      Defendant's Representatives all perform the same basic job duties and are required to use the same or similar computer programs, software programs, applications, and phone systems.

9.      The individuals Plaintiffs seek to represent in this action are current and former Representatives who are similarly situated to themselves in terms of Defendant's violations of federal and state law.

10.     Defendant knew or could have easily determined how long it takes for its Representatives to complete their off-the-clock work, and Defendant could have properly compensated Plaintiffs and the putative Class for this work, but did not.

11.     Representatives are not considered exempt employees. The U.S. Department of Labor, Wage and Hour Division, Fact Sheet #64 states Representatives "must be paid for all hours worked in a workweek." Representatives are entitled to be paid federal minimum wage as well as overtime at time and one half their regular rate of pay for all hours worked over 40 in a workweek.

12.     Plaintiffs seek a declaration that their rights, and the rights of the putative Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, attendant penalties, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

13.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

14.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

15.     This Court has personal jurisdiction over Defendant because Defendant conducts business in this State, has systematic and continuous ties with this state, and has agents and representatives that can be found in this state. Thus, Defendant has sufficient minimum contacts with or otherwise purposefully avail itself of the markets in the State of California, or otherwise has sufficient contacts with this District to justify them being fairly brought into court in this District.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 139l(b) – (d) because Plaintiffs and at least some of the putative Class members worked and were paid in this District and the obligations, liabilities, and breaches complained of herein arose or occurred in this District. Defendant owns, operates, and/or maintain offices, transacts business, has an agent or agents within the District, or otherwise is found within the District. Defendant is within the jurisdiction of this Court for purpose of service of process.

**PARTIES**

17.     Plaintiff, Tatianna Rotolo, is a resident of Fairfield, California. She has been employed by Defendant as a Teleservice Representative since 2008. Plaintiff Tatianna Rototlo has worked as a Representative for Defendant in both its Vallejo and Sacramento call centers.

18.     Plaintiff, Garfield Samuels, is a resident of Vallejo, California. He has been employed by Defendant as a Teleservice Representative since 2016. Plaintiff Garfield Samuels has worked as a Representative for Defendant in both its Livermore and Vallejo call centers. In Livermore Plaintiff Samuels was a pharmacy call center Representative and in Vallejo he was an advice services Representative.

19.     Additional individuals were or are employed by Defendant as hourly Representatives during the past four years and their consent forms will also be filed in this case.

20.     Defendant, The Permanente Medical Group, Inc., is a California corporation headquartered in Oakland, California. Defendant is licensed to do business in the State of California and its registered agent for service of process in California is Kristin C. Chambers, 1950 Franklin St., 20th Floor, Oakland, California 94612. Defendant's business provides professional services to its members by providing its members with medical and healthcare services.

21.     Upon information and belief, Defendant has employed over one thousand (1,000) Representatives in California over the last four years to perform services to Defendant's patients over the phone.

22.     Plaintiffs are informed and believe that Defendant currently employs approximately 400 Representatives in each of its Vallejo and Livermore facilities, approximately 200 Representatives in its Sacramento facility, and approximately 200 Representatives in its San Jose facility.

23.     Plaintiffs are informed and believe, and allege thereon, Defendant is responsible for the circumstances alleged herein, and proximately caused Plaintiffs, the putative Class and the general public to be subject to the fraudulent, unlawful, unfair, and deceptive acts and practices complained of herein. At all times herein mentioned, Defendant approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

24.     At all times herein mentioned, Defendant's acts and omissions proximately caused the complaints, injuries, and damages alleged herein.

## GENERAL ALLEGATIONS

25.    Plaintiff, Tatianna Rotolo, is currently employed as a Representative for Defendant and has been employed in that capacity since 2008. In that position, she is currently compensated at a base rate of $31.11 per hour with a shift rate differential and other incentive pay adjustments. Plaintiff Tatianna Rotolo has worked at Defendant's call centers in Sacramento, Vallejo and remotely from her home.

26.    Plaintiff, Garfield Samuels, is currently employed as a Representative for Defendant and has been employed in that capacity since 2016. In that position, he is currently compensated at the base rate of $31.11 per hour with a shift rate differential and other incentive pay adjustments. Plaintiff Samuels has worked at Defendant's call centers in Livermore and Vallejo and remotely from home.

27.    Representatives are responsible for responding to Defendant's members' telephone inquiries such as directing members' calls to the appropriate service department, scheduling members' healthcare appointments, filling prescriptions and evaluating members' needs, among other various duties.

28.    Throughout their employment with Defendant, Plaintiffs were required to work a substantial amount of unpaid time off-the-clock. Upon information and belief, Representatives were required to work a substantial amount of unpaid time off-the-clock.

### Pre-Shift Off-the-Clock Work

29.    Pursuant to Defendant's practice, policies, procedures, training and direction, Representatives are required to start-up and log-in to a secured computer, software programs, and applications. Start-up and log-in process takes substantial time on a daily basis—as much as roughly 20 minutes per start-up and log-in.

30.    Defendant's Representatives are not actually "clocked in" for their shifts until after the computer start-up and log-in process is complete and after they log into the applicable programs, software, and applications, meaning that Plaintiffs and all other putative Class members work roughly between 10 to 20 minutes each per shift without compensation. This off-the-clock time worked by Defendant's Representatives directly benefits Defendant and this process is an essential and necessary part of their job responsibilities as Representatives.

31.    The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's Representatives, are homogenous and it issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses which are prevalent in the industry. One of those abuses, which is occurring in this case, is an employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday."

32.    The Department of Labor's Fact Sheet #64 specifically condemns an employer's non- payment of an employee's necessary pre- and post-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." The FLSA requires that "daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept."

**Meal Period Violations**

33.    Defendant provides its Representatives with one unpaid 30-minute lunch break per shift.

34.    In order to deduct an unpaid meal period from an employees' compensable time, an employee must be completely relieved of his or her employment duties for the entire lunch break. 29 CFR 785.19(a) states:

> Bona fide meal periods. Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

35.    However, Defendant does not provide its Representatives with a legitimate bona fide meal period.

36.    Defendant fails to provide a bona fide unpaid meal period because it requires its Representatives to spend off-the-clock time logging back into the necessary applications and software programs in order to ensure they are able to take calls the moment the unpaid lunch period ends. The work performed by Defendant's Representatives during their unpaid lunch period takes substantial time on a daily basis with said time ranging from 1-2 minutes per day, or more.

**Post-Shift Off-the-Clock Work**

37.     Defendant's Representatives are required to log-out of and close-down various programs at the end of each shift. The log-out process occurs on a daily basis with said time ranging up to several minutes per day.

38.     Pursuant to Defendant's practice, policies, procedures, training and direction, Representatives cannot begin the shutdown and log-out process any earlier than 3 minutes prior to the end of their scheduled shift and they are required to log-out of Defendant's timekeeping system. Thus, Defendant fails to pay Representatives for an estimated 1-3 minutes per day in connection with their post-shift shutdown and log-out process.

**Defendant Benefitted from This Uncompensated Work**

39.     At all relevant times, Defendant directed and directly benefited from the work and start-up and log-in time, unpaid meal period time, and log-out activities performed by its Representatives.

40.     At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments and employment conditions of its Representatives.

41.     At all relevant times, Defendant was able to track the amount of time its Representatives spent starting up, logging-in to, and logging-out of Defendant's computer and phone systems; however, Defendant failed to document, track, or pay its Representatives for the off-the-clock work they performed.

42.     At all relevant times, Plaintiff was a non-exempt hourly employee, subject to the requirements of the FLSA and the California Labor Code.

43.     At all relevant times, Defendant used its attendance and adherence policies against its Representatives in order to pressure them into arriving early and working off-the-clock. If Defendant's Representatives log-in to their computer system at their scheduled shift start time, Representatives would clock-in to work late and are subject to discipline.

44.     At all relevant times, Defendant's policies, procedures, and practices deprived its Representatives of wages owed for the pre-shift, unpaid meal period time, and post-shift activities they performed. Because Defendant's Representatives typically worked 40 hours or more in a

workweek and more than eight (8) hours per day, Defendant's policies and practices also deprived Representatives of overtime pay.

45.     Defendant knew or should have known that Plaintiffs and other Representative's time spent starting-up, logging-in to, and logging-out of Defendant's computer systems and programs is compensable under the law. Indeed, in light of the explicit DOL guidance cited above, there is no conceivable way for Defendant to establish that it acted in good faith.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of all similarly situated current and former Teleservice Representatives who currently work or have worked for Defendant at any time between the dates of March 28, 2014 through judgment. The Representatives within this definition are referred to hereafter as the "FLSA Collective." Plaintiffs reserve the right to amend this definition if necessary.

47.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other similarly situated Representatives.

48.     Excluded from the proposed FLSA Collective are Defendant's executive, administrative and professional employees, including computer professionals and outside sales persons.

49.     Consistent with Defendant's policy, procedures, and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

50.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

51.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

        a.     willfully failing to pay its employees, including Plaintiffs and the members

of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

b.      willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, minimum wages for hours worked;

c.      willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendants.

52.     Defendant is aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

53.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

54.     A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

55.     The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues—the amount of uncompensated pre-shift start-up/log-in time, unpaid meal period time, and the amount of post-shift log- out/shut-down time owed to each employee - does not vary substantially among the proposed FLSA Collective members.

56.     There are many similarly situated current and former Representatives who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

57.     This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

58.     Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

59.     Plaintiffs estimate the proposed FLSA Collective, including both current and former employees over the relevant period will include several hundreds, if not thousands, of employees. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

60.     Plaintiffs brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on her own behalf and on behalf of all similarly situated current and former employees employed as a call center Representative by Defendant. Plaintiffs reserve the right to amend the scope and definition of the class as discovery permits.

61.     Plaintiffs share the same interests as the putative class and will be entitled under the California Labor Code to unpaid overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

62.     The putative Class meets the numerosity requirement of Rule 23(a)(l) because, during the relevant period, Defendant employed hundreds, if not thousands, of Representatives throughout California. The Class members are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendant's personnel files, scheduling, time, phone, and payroll records, and from input received from the putative Class members.

63.     The putative Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiffs and the Class. Individual questions that Plaintiffs' claims present, to the extent any exist, will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

  a.     Whether Defendant engaged in a policy or practice of failing to pay each Class member regular wages for each non-overtime hour worked.

  b.     Whether Defendant engaged in a policy or practice of failing to pay each

Class member overtime compensation for each overtime hour worked;

    c.    Whether Defendant violated Labor Code sections 223 by paying less than full wages owed to the Class members;

    d.    Whether Defendant failed to provide each Class member with at least one 30- minute meal period on every workday of at least 5 hours and a second 30- minute meal period on every workday of at least 10 hours as required by the California Employment Law and Regulations;

    e.    Whether Defendant violated sections 201 to 203 of the Labor Code by willfully failing to pay all wages and compensation due each Class member who quit or who was discharged;

    f.    Whether Defendant violated section 226 of the Labor Code by willfully failing to provide accurate itemized wage statements showing the number of hours worked by each Class member and the corresponding hourly rate;

    g.    Whether Defendant was unjustly enriched by the work and services performed by Class members without compensation;

    h.    Whether Defendant engaged in unfair business practices in violation of Business and Professions Code section 17200 *et seq*.; and

    i.    Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating California state law.

64.    The status of all individuals similarly situated to Plaintiffs raise an identical legal question: whether Defendant's Representatives are entitled to unpaid wages and penalties including back wages and overtime pay.

65.    The putative Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the putative Class members were all employed by Defendant and performed their job duties without receiving wages, including overtime wages, owed for that work.

66.    The Class meets the adequacy requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class members, and because Plaintiffs' attorneys have successfully prosecuted and defended many complex class actions,

including wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class members.

67.    The putative Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to, those listed above.

68.    The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

69.    Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds or even thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of court and the parties' resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

### FIRST CAUSE OF ACTION

### VIOLATION OF FLSA, 29 U.S.C. § 201, *et seq.*

### FAILURE TO PAY OVERTIME WAGES

70.    Plaintiffs re-allege and incorporates all previous paragraphs herein.

71.    At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

72.    At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(l) of the FLSA.

73.    Plaintiffs and other Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

74.     Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

75.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

76.     At all times relevant to this action, Defendant required Plaintiffs Rotolo and Samuels and the Collective members to perform approximately many minutes of off-the-clock work per shift, but failed to pay these employees the federally mandated overtime compensation for this work.

77.     The off-the-clock work performed every shift by Plaintiffs and the Collective members is an essential part of their jobs and these activities and the time associated with these activities is not de minimis.

78.     In workweeks where Plaintiffs and other Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage, including the shift differential where applicable. 29 U.S.C. § 207.

79.     Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long it takes for their Representatives to perform their off-the-clock work. Further, Defendant could have easily accounted for and properly compensated Plaintiffs and the Collective for these work activities, but did not.

80.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, 1198 AND WAGE ORDER NO. 4—FAILURE TO PAY OVERTIME

81.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

82.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

83.    At all relevant times, Plaintiffs and the Class regularly performed non-exempt work and were thus subject to the overtime requirements of California law.

84.    Labor Code §§ 510 and 1198 and Industrial Welfare Commission ("IWC") Wage Order No. 4 § 3(A) provide that employees are entitled to compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a workday up to twelve (12) hours in a workday, in excess of forty (40) hours in a workweek, and for the first eight (8) hours of work on the seventh (7th) consecutive day or a workweek; and employees are entitled to compensation at the rate of twice their regular rate of pay for all hours worked in excess of twelve (12) hours in a workday, and in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

85.    At all relevant times, Plaintiffs and the Class regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek.

86.    At all relevant times, Defendant failed and refused to pay Plaintiffs and the Class members for any and all hours actually worked in excess of the scheduled shift, such as pre-shift log-in time, meal period log-in time, and post shift log-out time.

87.    Defendant intentionally, maliciously, fraudulently and with the intent to deprive the Class of their ability to earn a living so as to reduce their labor costs, knowingly and willingly implemented a scheme or artifice to avoid paying overtime by reducing the rate of pay to Plaintiffs and other Class members who worked overtime hours.

88.    Plaintiffs and the Class were entitled to receive overtime compensation at their lawful regular rate of pay, including the shift differential where applicable. Defendant's failure to pay lawful premium overtime wages, as alleged above, was a willful violation of Labor Code §§ 510, 1198, and IWC Wage Order No. 4.

89.    Plaintiffs and the members of the Class are aggrieved employees for purposes of the Private Attorney General Act ("PAGA") and seek to recover civil penalties as set forth in§ 2699, as

well as other remedies, for violations of California Labor Code, including but not limited to §§ 201-203, 510, 512, 1194, and 1198.

90.    Wherefore, Plaintiffs and the Class demand payment of the unpaid balance of the full amount of wages due for unpaid time worked, as well as overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay for all time worked and such premium compensation, as is required under California law.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §§ 221 and 223 UNLAWFUL DEDUCTIONS

91.    Plaintiffs re-allege and incorporates all previous paragraphs herein.

92.    At all relevant times, Defendant regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation paid to its employees, especially overtime compensation.

93.    Defendant made deductions from Plaintiffs' and the Class member's paychecks in the amount of the overtime premiums earned by the employee during the pay period so as to avoid paying overtime compensation.

94.    Labor Code § 221 provides it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by employer to employee.

95.    Labor Code § 223 provides that where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract. Labor Code § 225 further provides that the violation of any provision of Labor Code §§ 221 and 223 is a misdemeanor.

96.    As a result of the conduct alleged above, Defendant has unlawfully collected or received from Plaintiffs and the Class part of the wages paid to their employees.

97.    Plaintiffs and the members of the Class are aggrieved employees for purposes of PAGA and seek to recover civil penalties as set forth in § 2699, as well as other remedies, for violations of California Labor Code, including §§ 201-203, 510,512, 1194 and 1198.

98.    Wherefore, Plaintiffs demand the return of all wages unlawfully deducted from the paychecks, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §§ 225.5 and 1194.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 and 512 FAILURE TO PROVIDE MEAL BREAKS**

99.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

100.    Labor Code § 512, and IWC Wage Order No. 4, § 11 provide that an employer may not employ a person for a work period of more than five (5) hours without providing the employee with a meal period of not less than thirty (30) minutes, and may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than (30) minutes.

101.    At all relevant times, Plaintiffs and the Class regularly worked in excess of five (5) or ten (10) hours in a day.

102.    At all relevant times, Defendant regularly required employees to perform work during their first and/or second meal periods without proper compensation. Defendant's practice of requiring employees to perform work during their legally mandated meal periods without premium compensation is a violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4.

103.    Defendant purposefully elected not to provide meal periods to Plaintiffs and Class members, and Defendant acted willfully, oppressively, and in conscious disregard of the rights of Plaintiffs and the Class members in failing to do so.

104.    Plaintiffs are informed and believe Defendant did not properly maintain records pertaining to when Plaintiffs and the Class members began and ended each meal period, in violation of Labor Code § 1174 and IWC Wage Order No. 4.

105.    As a result of Defendant's knowing, willful, and intentional failure to provide meal breaks, Plaintiffs and the Class members are entitled to recover one (1) additional hour of pay at the employee's regular rate of pay for each work day that a meal period was not provided, pursuant to Labor Code § 226.7 and IWC Wage Order No. 4, and penalties, reasonable attorneys' fees, and

costs pursuant to Labor Code § 218.5.

106.    Defendant's wrongful and illegal conduct in failing to provide Class members with meal breaks or to provide premium compensation, unless and until enjoined by order of this Court, will continue to cause great and irreparable injury to Plaintiffs and the Class members in that Defendant will continue to violate these laws unless specifically ordered to comply with the same. The expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are already entitled. Plaintiffs and the Class members have no other adequate remedy at law to insure future compliance with the laws alleged herein to have been violated.

107.    Plaintiffs and the members of the Class are aggrieved employees for purposes of PAGA and seek to recover civil penalties as set forth in § 2699, as well as other remedies, for violations of California Labor Code, including but not limited to §§ 201-203, 510, 512, 1194, and 1198.

108.    Wherefore, Plaintiffs demand pursuant to Labor Code § 227.7(b) that Defendant pay each Class member one additional hour of pay at the Class member's regular rate of compensation for each work day that the meal period was not provided.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 226 FAILURE TO PROVIDE**

**ACCURATE WAGE STATEMENTS**

109.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

110.    Labor Code § 226 provides that every employer shall, semi-monthly or at the time of payment of wages, furnish each employee, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked.

111.    At all relevant times, Defendant failed to furnish Plaintiffs and the Class members, either semi-monthly or at the time of each payment of wages, an accurate, itemized statement conforming to the requirements of Labor Code § 226.

112.    Plaintiffs are informed and believe that Defendant knew or should have known that

Plaintiffs and the Class members were entitled to receive wage statements compliant with Labor Code § 226, and that Defendant willfully and intentionally failed to provide Plaintiffs and the Class members with such accurate, itemized statements.

113.     Plaintiffs and the members of the Class are aggrieved employees for purposes of PAGA and seek to recover civil penalties as set forth in § 2699, as well as other remedies, for violations of California Labor Code, including but not limited to §§ 201-203, 510, 512, 1194, and 1198.

114.     Wherefore Plaintiffs demand that Defendant pay each and every Class member fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00) pursuant to Labor Code § 226, as well as reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE, § 17200, *et seq.*

115.     Plaintiffs re-allege and incorporates all previous paragraphs herein.

116.     Defendant engaged and continues to engage in unfair business practices in California by practicing, employing and utilizing the unlawful practices described above, including (a) training and directing Representatives to work off-the-clock without compensation; (b) making deductions to Representatives paychecks to recover overtime premiums earned by the employee; (c) requiring Representatives to work overtime without lawful premium compensation; (d) failing to provide lawful meal breaks or premium compensation in lieu thereof; and (e) failing to provide accurate, itemized wage statements.

117.     In addition, the conduct alleged in each of the previously stated causes of action constitute an unlawful and unfair business practice within the meaning of Business & Professions Code § 17200, *et seq.*

118.     As a result of Defendant's conduct, Plaintiffs and the Class have been harmed as described in the allegations set forth above.

119.     The actions described above, constitute false, unfair, fraudulent and deceptive business practices within the meaning of California Business & Professions Code § 17200, *et seq.*

By and through such unfair, unlawful and/or fraudulent business practices, Defendant has obtained valuable property, money and services from Plaintiffs and the Class, and have deprived Plaintiffs and the Class fundamental rights and privileges guaranteed to all employees under California law.

120.    Defendant was unjustly enriched by the policies and practices described herein, and those policies and practices conferred an unfair business advantage on Defendant over other businesses providing similar services which comply with the requirements of California law.

121.    Plaintiffs seek, on their own behalf, and on behalf of the putative Class members, full restitution of all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein, as necessary and according to proof, and/or disgorgement of all profits acquired by Defendant by means of the acts and practices described herein.

122.    Plaintiffs seek, on their own behalf, and on behalf of other Class members similarly situated, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein. Defendant's unlawful conduct, as described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all Class members in that the Defendant will continue to violate these California laws unless specifically ordered to comply with the same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## SEVENTH CAUSE OF ACTION

## PRIVATE ATTORNEY GENERAL ACT ("PAGA") VIOLATION OF CALIFORNIA LABOR CODE § 2698, *et seq*.

123.    Plaintiffs are "aggrieved employees" under PAGA, as they have been employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code violations herein. As such, they seek to recover, on behalf of themselves and all other current and former aggrieved employees of Defendant, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

124.     Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required, but Plaintiffs may choose to seek certification of the PAGA claims.

125.     Plaintiffs seek to pursue remedies pursuant to PAGA for the following violations.

126.     Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee or each subsequent violation of Labor Code § 226(a). *Pedroza v. PetSmart, Inc.*, 2012 U.S. Dist. LEXIS 189530, *20 (C.D. Cal. June 14, 2012).

127.     Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days. Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty days' pay as waiting time under the terms of Labor Code § 203.

128.     California Labor Code § 558 provides that any employer who violated any provision regulating hours and days of work in any order of the IWC shall be subject to civil penalties. As a result of Defendant's violation of Wage Order 4, Plaintiffs and the Class are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent violation.

129.     Under California Labor Code §§ 510 and 1194, Defendant is liable for failing to pay Plaintiffs and the Class members overtime.

130.     Under California Labor Code § 226.7, Defendant is liable for failing to pay Plaintiffs and the Class for work performed during unpaid meal periods or paying Plaintiffs and the Class members one hour of pay for every such unpaid meal period.

131.     During the applicable statutory period, Defendant failed to keep payroll records showing total hours worked and wages paid to Plaintiffs and the Class members. Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by

and the wages paid to . . . employees . . . ." Because Defendant did not keep accurate records reflecting hours worked for Defendant, it is liable for civil penalties pursuant to California Labor Code § 2698, *et seq*. To the extent Defendant's failure to keep accurate payroll records was willful, it is liable to civil penalties under California Labor Code § 1174.5.

132.    California Labor Code § 2698, et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 226.7, 510, 512, 1174, 1194, 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

133.    Plaintiffs have taken steps to ensure full compliance with the procedural requirements specified in California Labor Code § 2699.3 as to each of the alleged violations. Plaintiffs filed a claim and notice to the LWDA of Plaintiffs' claims based on the alleged Labor Code violations, including the facts and theories supporting these claims. Copy of the claim and notice are being served by certified mail to Defendant, Plaintiffs' employer.

134.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest. Plaintiffs' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public. Private enforcement of these rights is necessary, as no public agency has pursued enforcement. Plaintiffs are incurring a financial burden in pursuing this action, and it would be against the interest of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, inter alia, California Labor Code § 2699.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the putative Collective and Class members, request judgment as follows:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Designating Plaintiffs Rotolo and Samuels as class representatives of the proposed FLSA collective;

c.    Ordering Defendant to disclose in computer format, or in print if no computer

readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under the FLSA;

      d.    Certifying the proposed Rule 23 Class;

      e.    Designating Plaintiffs Rotolo and Samuels as Class representatives of the proposed Rule 23 Class;

      f.    Appointing Schauman & Hubins, A Professional Corporation as Class Counsel;

      e.    Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

      h.    Granting judgment in favor of Plaintiffs, the Class, and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate (including the shift differential where applicable) multiplied by all off-the-clock hours that Plaintiffs worked in excess of eight (8) hours per day and/or forty (40) hours per week for the past four years;

      i.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime wages found due and owing;

      j.    Awarding statutory and civil penalties pursuant to Labor Code §§ 225.5, 226(e), 226.3, 226.7, and 2699;

      k.    Ordering disgorgement and restitution to Plaintiffs and other similarly affected Class members of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandate established by California Business and Professions Code§ 17200, *et seq.*;

      l.    Appointing an administrator to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business and Professions Code § 17200, *et seq.*;

      m.    Ordering an injunction prohibiting Defendant from engaging in the unfair business practices complained of herein;

n.      Ordering an injunction requiring Defendant to give notice to persons to whom

restitution is owing of the means by which to file for restitution;

Awarding actual damages or statutory penalties according to proof as set forth in California Labor

Code §§ 226, 1174, and IWC Wage Order No. 4, § 7(A) related to record keeping;

o.      Requiring Defendant to show cause, if any there be, why they should not be

enjoined and ordered to comply with the applicable California Industrial Welfare Commission

wage orders related to record keeping for Defendant's employees related to same; and for an order

enjoining and restraining Defendant and their agents, servants and employees related thereto;

p.      Awarding pre-judgment interest as allowed by California Labor Code §§ 218.6, and

1194 and California Civil Code § 3287 and other statutes;

q.      Awarding civil penalties pursuant to California Labor Code § 2698, *et seq.*;

Awarding reasonable attorneys' fees, expenses, and costs as provided by the FLSA, California

Labor Code §§ 218.5, 226(e) and (g), 1194, 2699, 2802 and California Code of Civil Procedure §

1021.5; and

r.      Awarding such other and further relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, Tatianna Rotolo and Garfield Samuels, individually and on behalf of all others

similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38

of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with

respect to the above entitled cause.

DATED: March 28, 2018                         SCHAUMAN & HUBINS
                                              A Professional Corporation


By: _____ */s/* Jeffrey Hubins _____
        Jeffery Hubins
        Attorneys for Plaintiffs Tatianna Rotolo
        and Garfield Samuels and the Putative
        Class